**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
<u>**Alexandria Division**</u>

| | |
|---|---|
| **CRAIG SANFORD,** | ) |
| **MARY JO SANFORD,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SCG INTERNATIONAL, LLC,** | )   **C. A. No. 1:10cv940 GBL/IDD** |
| | ) |
| **and** | ) |
| | ) |
| **JAMES F. SMITH, JR.,** | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM IN SUPPORT OF**
<u>**DEFENDANTS' MOTION TO DISMISS**</u>

Defendants SCG International, LLC ("SCG") and James F. Smith, Jr. ("Smith")

(collectively "Defendants"), by counsel, submit this Memorandum in Support of Defendants'

Motion to Dismiss ("Motion").  For the reasons stated below, Defendants' Motion should be

granted.

### I.      Preliminary Statement

**A.      Rule 12(b)(3) Dismissal.**

On January 19, 2011, Plaintiffs Craig and Mary Jo Sanford ("Plaintiffs") filed their

Amended Complaint in the wrong Division of the United States District Court for the Eastern

District of Virginia.  (Docket No. 65).  As can readily be seen from the Amended Complaint,

Plaintiffs have zero connection to the Alexandria Division of the Eastern District of Virginia.[1]

---

[1] Plaintiffs hiring of counsel within the Division cannot be considered in this analysis.

And neither Defendant has any connection to the Alexandria Division.  Further, none of the alleged acts described in the Amended Complaint took place in this Division.

Under Federal Rule of Civil Procedure 12(b)(3), a matter may be dismissed when venue is improper.  Local Civil Rule 3(C) requires that actions be "brought in the proper division . . . ."  This local rule requires a venue analysis pursuant to 28 U.S.C. § 1391 in which the terms "judicial district" and "district" are replaced with "division."  As jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. § 1391(a) governs.  Because SCG is a limited liability company, jurisdiction is based upon the citizenship of its member(s).  Smith, SCG's sole member, resides in Virginia Beach, Virginia.  Thus, the only division in the Eastern District of Virginia in which venue is proper is the Norfolk Division.  As such, this matter was filed in the wrong venue, making dismissal appropriate.[2]

**B.      Rule 12(b)(6) Dismissal.**

This matter should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) as Plaintiffs have failed to state a claim upon which relief can be granted.  First, Plaintiffs, in their Amended Complaint, candidly admit that their motivation for entering into the Promissory Note ("Note") with SCG was to hide their resources to avoid a judgment from other litigation.  Such conduct violates public policy as the contract was entered into for an improper purpose, making the Note (i.e., contract) entered into unenforceable.  Further, Plaintiffs have unclean hands based on their seeking to avoid a judgment.  Thus, equitable remedies sought by Plaintiffs (i.e., Counts III-IV) are unavailable.

---

[2] Contemporaneous with this Motion, Defendants are also filing a Motion to Transfer, which they seeks in the alternative to the dismissal requested herein.

Second, under both Pennsylvania's and Virginia's economic loss rule, Plaintiffs cannot extend a breach of contract claim into numerous tort claims.  Thus, as Plaintiffs provided funds to SCG under a Note, any losses associated with that Note must be pursued solely in contract and cannot be converted into tort claims.  What SCG did with the money received under the Note is material only to the extent a duty is expressly stated in the Note.  Here, the Note only states a general purpose of "investing in an ongoing commercial enterprise," which Plaintiffs did by providing the funds to SCG.[3]  SCG's sole duty under the Note was to repay it by May 27, 2009 at .1% annual interest.  As such, Counts I-IV of Plaintiffs' Amended Complaint, which all sound in tort, must be dismissed.

Third, Plaintiffs failed to plead fraud (Count I) with the level of particularity Federal Rule of Civil Procedure 9(b) requires.  Instead, it appears that Plaintiffs are attempting to create a fraud claim with allegations that, at best, constitute a breach of contract.  Many of Plaintiffs' allegations are parol evidence, which attempt to contradict unambiguous terms in the Promissory Note and are, therefore, excluded.  Additionally, Plaintiffs' fraud claim fails to meet the pleading requirements mandated by *Twonbly* and *Iqbal*.

And fourth, Plaintiffs attempt to hold Smith personally liable, without piercing the corporate veil, for his acts performed on behalf of Defendant SCG.  But unless the corporate veil is pierced, Smith is shielded from liability for acts performed in his capacity as an officer of SCG.  Plaintiffs have a contractual relationship and thus are in privity only with SCG.  As such, Defendant Smith should be dismissed from the case.

---

[3] The Note does not define what is meant by "an ongoing commercial enterprise."

## II.      Factual Background

Plaintiffs are Pennsylvania residents.  Amended Complaint ¶ 1.  Defendant Smith resides in Virginia Beach, Virginia.  Amended Complaint ¶¶ 2, 8.  SCG, a Mississippi limited liability company, is wholly owned by Smith, its only member.  Amended Complaint ¶ 2.  Subject matter jurisdiction in this matter is based solely on diversity of citizenship.  Amended Complaint ¶ 3.  Plaintiffs' Amended Complaint contains five Counts, including:

I.      Fraud (All Defendants);

II.     Conversion (All Defendants);

III.    Breach of Fiduciary Duty (All Defendants);

IV.     Unjust Enrichment and Constructive Trust (All Defendants); and

V.      Breach of Contract (SCG).

Amended Complaint ¶¶ 36-53.

No party resides within the Alexandria Division of the Eastern District of Virginia.  Further, no event described in the Amended Complaint took place within the Alexandria Division.  In fact, the Alexandria Division has no connection whatsoever to this case.  Not a single document exists or witness resides within this Division.[4]

Plaintiffs motivation in providing the funds at issue in this case to SCG was to hide the funds from a judgment in Pennsylvania.  Amended Complaint ¶ 4.  Plaintiffs make a number of allegations pertaining to what Smith told them regarding his personal background during an alleged introductory meeting in Plaintiffs' home town.[5]  Amended Complaint ¶¶ 5-7.  The

---

[4] Plaintiffs' counsel, whose office is within the Division, may now have some relevant documents, but those documents arrived within the Division only as a result of Plaintiffs' decision to engage counsel within the Division.

[5] Smith denies ever making these statements to Plaintiffs.

Promissory Note was executed on or about November 14, 2007.  *See* Exhibit A to Amended

Complaint; Exhibit A to Answer to Original Complaint (Docket No. 17).  The general purpose

stated in the Note was "for the purpose of investing in an ongoing commercial enterprise."  *See*

*id.*  The Note does not specify whether this was the Lender's (i.e., Plaintiffs) purpose in

providing funds to SCG or whether it was the Borrower's (i.e., SCG) purpose of how the funds

were to be used.  SCG's only duty under the Note was to repay the Note by May 27, 2009 at an

interest rate of .1% per annum.  *See id.*  The contested funds in this matter were sent to Smith's

residence in Virginia Beach on or about November 21, 2007.  Amended Complaint ¶ 8.

    Many factual allegations in the Amended Complaint describe what Plaintiffs' believe

SCG did with the funds received.  *See, e.g.,* Amended Complaint ¶¶ 10-23.  And the remainder

of Plaintiffs' factual allegations revolve around Plaintiffs' alleged collection efforts.  *See, e.g.,*

Amended Complaint ¶¶ 24-31.

### III.    Legal Standard

#### A.    Federal Rule of Civil Procedure 12(b)(3).

    Under Federal Rule of Civil Procedure 12(b)(3), improper venue may be addressed by a

motion to dismiss.  Once a defendant moves to dismiss under Rule 12(b)(3), the plaintiff(s) bears

the burden of establishing that venue is proper.  *See Wood v. Barnette, Inc.*, 648 F. Supp. 936

(E.D. Va. 1986).  Local Civil Rule 3(C) provides guidance as to where venue is proper:

> **Division in Which Suits are to Be Instituted:**  Civil actions for
> which venue is proper in this district shall be brought in the proper
> division, as well.  The venue rules in 28 U.S.C. § 1391 *et seq.* also
> shall apply to determine the proper division in which an action
> shall be filed.  For the purpose of determining the proper division
> in which to lay venue, the venue rules stated in 28 U.S.C. § 1391 *et
> seq.* shall be construed as if the terms "judicial district" and
> "district" were replaced with the term "division."

With respect to 28 U.S.C. § 1391, as this action is based on diversity of citizenship,

section (a) applies:

> A civil action where jurisdiction is founded only on diversity of citizenship may . . . be brought *only in* (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(emphasis added).

For a limited liability company, its citizenship for diversity purposes is determined by

where its member(s) reside.  *Cook v. Purdue Pharma*, No. 1:08cv272, 2008 U.S. Dist. LEXIS

36420, *2 (E.D. Va. May 2, 2008) (Ellis, J.) (citing *Gen. Tech App., Inc. v. Exro Ltda,* 388 F.3d

114, 121 (4th Cir. 2002)).

### B.      Federal Rule of Civil Procedure 12(b)(6).

Under Federal Rule of Civil Procedure 12(b)(6), a matter may be dismissed by motion

when the plaintiff "fail[s] to state a claim upon which relief can be granted . . . ."  Here,

Plaintiffs' Amended Complaint fails to state a claim for numerous reasons.

### 1.      Contracts entered for an improper purpose and with unclean hands.

A court cannot enforce a contract that is contrary to public policy or was entered for an

improper or illegal purpose.  *See Morris-Griffin Corp. v. C & L Serv. Corp.*, 731 F. Supp. 2d

488, 496 (E.D. Va. 2010).  This includes contracts entered into in bad faith toward the rights or

policies of a third party.  *Id.*  This is true even if the underlying contract is itself not unlawful.

*Id.*

"[H]e who seeks equity must do equity." *Bowen v. Hockley*, 71 F.2d 781, 783 (4th Cir. 1934). "He . . . must come with clean hands . . . . [T]he complainant seeking equitable relief must not himself have been guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." *Cline v. Berg*, 639 S.E.2d 231, 233-34 (Va. 2007). "The doctrine of unclean hands is an equitable doctrine that allows a court to withhold equitable relief if such relief would encourage or reward illegal activity." *Morris-Griffin*, 731 F. Supp. 2d at 490 (quoting *United States v. Felici*, 208 F.3d 667, 670-71 (8th Cir. 2000)). Unclean hands "closes the door of a court of equity to one tainted with inequitable or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Id.* at 502 (quoting *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329-30 (1994)). A court invokes this doctrine not for a party's protection, but for its own. *Id.* (citing *Mas v. Coca-Cola*, 163 F.2d 505, 507 (4th Cir. 1947)). To invoke the doctrine, there must be "a close nexus between a party's unethical conduct and the transaction on which that party seeks relief." *In re Uwimana*, 274 F.3d 806 (4th Cir. 2001).

Plaintiffs seek equitable relief with their Breach of Fiduciary Duty and Unjust Enrichment counts. *See, e.g., Phillips v. The Brink's Co.*, 632 F. Supp. 563, 568-69, 575 (W.D. Va. 2009) (breach of fiduciary duty); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield*, 876 F. Supp. 809, 816 (E.D. Va. 1995) (same); *Clemons v. Home Savers, LLC*, 530 F. Supp. 2d 803, 812 (E.D. Va. 2008) (unjust enrichment).

### 2.      Both Virginia and Pennsylvania follow the economic loss rule.

The economic loss rule states that "losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Filak v. George*, 594 S.E.2d 610, 613 (Va. 2004) (citation omitted). "[W]hen

a plaintiff alleges and proves nothing more than disappointed economic expectations, the law of contracts, not the law of torts, provides the remedy for such economic losses." *Id.* (citations omitted). "Pennsylvania law is hostile to the recovery of economic losses in tort, at least where there is a lack of contractual privity, and there is not even a nuclear accident exception to this economic loss rule." *Grode v. Mut. Fire, Marine, and Inland Ins. Co.*, 623 A.2d 933, 934 (Pa. Commw. Ct. 1993) (citation omitted).

When the parties' relationship is based solely upon a contract, for tort liability to exist, the plaintiff must show that there is an independent common law duty between the parties. *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998). "To avoid turning every breach of contract claim into a tort claim, 'the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract.'" *Combined Ins. Co. v. Wiest*, 578 F. Supp. 2d 822, 831-32 (W.D. Va. 2008) (quoting *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)). By way of example, "[i]t is well settled that 'where a contract governs the relationship of the parties, the equitable remedy of . . . unjust enrichment does not lie.'" *Clemons v. Home Savers, LLC*, 530 F. Supp. 2d 803, 812 (E.D. Va. 2008) (quoting *WRH Mortg., Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000)).

Likewise, conversion, under Virginia law, is "the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession. or any act of dominion wrongfully exerted over property in denial of, or inconsistent with the owner's rights." *Combined Ins. Co.*, 578 F. Supp. 2d at 834-35 (quoting *Simmons v. Miller*, 544 S.E.2d 666, 679 (Va. 2001)). If the property is obtained under a contract, then the "wrongful" acquisition requirement for conversion cannot be met.

### 3.      Fraud must be pled with particularity.

Under Federal Rule of Civil Procedure 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "[T]he circumstances to be pled with particularity [under rule 9(b)] . . . are the time, place and contents of the false misrepresentation and what he obtained thereby." *Scharpenberg v Carrington*, 686 F. Supp. 2d 655, 661-62 (E.D. Va. 2010) (quoting *Feeley v. Total Realty Mgmt.*, 660 F. Supp. 2d 700 (E.D. Va. 2009)). "Failure to plead fraud with Rule 9(b)'s required particularity is treated as a failure to state a claim under Rule 12(b)(6)." *Id.* at 662 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999)). Additionally, Plaintiffs' Amended Complaint must pass the plausibility standards of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### 4.      Parol evidence cannot be used when the contract is unambiguous.

"Parole evidence may not be used to contradict the express terms of a contract or written agreement." *In re Nelco, Ltd.*, 264 B.R. 790, 804 (E.D. Va. 1999) (citing *Swengler v. ITT Corp.*, 993 F.2d 1063, 1069 (4th Cir. 1993)). "Only where a contract is ambiguous may a court resort to parole evidence to ascertain the true intention of the parties entering the contract." *Id.* at 804-05 (citing *Aetna Cas. & Sur. Co. v. Fireguard Corp.*, 455 S.E.2d 229, 232 (Va. 1995)). And if the "intent of the parties can be determined from the language they employ in their contract, parol evidence respecting their intent is inadmissible." *Golding v. Floyd*, 539 S.E.2d 735, 737 (Va. 2001).

## IV.    Argument

### A.    This Case Should Be Dismissed As Plaintiffs Filed In An Improper Venue.

Local Civil Rule 3(C) moves the venue analysis of 28 U.S.C. § 1391 from a district court

level to the divisional level.  As such, for a diversity case to be brought within the Alexandria

Division, one of three situations must exist.  First, venue is proper if any defendant resides

within the division and all defendants reside within the State.  Second, venue is proper if a

substantial part of the events or omissions giving rise to the alleged cause of action occurred

within the division.  And third, if neither of the first two options exist, venue is proper in a

division in which any defendant is subject to personal jurisdiction.

Here, Defendant Smith resides in Virginia Beach.  And for diversity purposes, Defendant

SCG resides in the place of its sole member, Defendant Smith.  Thus, under the first prong of 28

U.S.C. § 1391(a), venue is proper in the Norfolk Division of the Eastern District of Virginia.  It

is not proper in the Alexandria Division.

Based on the Amended Complaint, it appears that the majority of alleged events occurred

outside the Commonwealth of Virginia.  To the extent any events occurred in Virginia, they

transpired in Virginia Beach, where Smith resides.  Thus, if venue in the Eastern District of

Virginia is proper at all under the second prong of 28 U.S.C. § 1391(a), it is proper only in the

Norfolk Division.  Again, there is no basis for venue under this second prong in the Alexandria

Division.

As venue is proper under the first prong of 28 U.S.C. § 1391(a), the third prong of this

section is never reached, as it is only applicable "if there is no [division] in which the action may

otherwise be brought."  Thus, the only division within the Eastern District of Virginia in which

venue is proper is the Norfolk Division.  Venue is improper in the Alexandria Division.

Because venue is improper in the Alexandria Division under Local Civil Rule 3(C) and 28 U.S.C. § 1391(a), Defendants respectfully request this matter, under Rule 12(b)(3), be dismissed.

**B.      This Case Should Be Dismissed As Plaintiffs Have Failed To State A Cause Of Action Upon Which Relief Can Be Granted.**

**1.      The Court cannot enforce a contract entered for an improper purpose and with unclean hands.**

Plaintiffs entered into the Promissory Note with SCG in an effort to avoid a judgment in Pennsylvania.  *See* Amended Complaint ¶ 4.  Without question, efforts to secret funds away from the judgment of a sister court violates public policy and may be unlawful.  Plaintiffs' hands, therefore, before this Court are unclean.

If this Court were to enforce the Note at issue in this case, it would essentially reward Plaintiffs' efforts to avoid a foreign judgment.  For that very reason, courts refuse to enforce contracts, such as the Note in this case, which are contrary to public policy or were entered into for an improper or illegal purpose.  *See Morris-Griffin Corp.*, 731 F. Supp. 2d at 496.  As such, the Court should deem the Note void and dismiss Count V (Breach of Contract) of the Amended Complaint.

Plaintiffs' unclean hands further bar the recovery of any equitable relief.  To obtain equitable relief, Plaintiffs must come before the Court with clean hands.  *See Cline*, 639 S.E.2d at 233-34.  Plaintiffs' Count III (Breach of Fiduciary Duty) and Count IV (Unjust Enrichment) are both equitable in nature.  Thus, because of Plaintiffs' unclean hands, they cannot recover under either Count III or Count IV.  Thus, Defendants respectfully ask the Court to dismiss Count III and Count IV.

**2.     The economic loss rule, followed by both Pennsylvania and Virginia, prohibits converting contract claims into tort claims.**

Under the economic loss rule, because Plaintiffs' relationship with either Defendant SCG or Smith is based solely in contract (i.e., the Note), Plaintiffs cannot pursue tort remedies for acts constituting a breach of contract.  Absent the Note, Plaintiffs would not have forwarded $12,500,000 to SCG.  The Note is the sole basis of the parties' relationship.  SCG has no additional duties to Plaintiffs outside the Note.  And Smith has no duties at all to the Plaintiffs, as he has never been in privity with the Plaintiffs.

Both Pennsylvania, where the Plaintiffs reside, and Virginia, where the Defendants reside, follow the economic loss rule.  *See Grode*, 623 A.2d at 934 (Pennsylvania); *Filak*, 594 S.E.2d at 613 (Virginia).  Counts I-IV of the Amended Complaint all sound in tort.  As such, the economic loss rule prevents Plaintiffs from any recovery other than in contract under the Note.  Defendants respectfully ask the Court to dismiss Counts I-IV.

Plaintiffs' also cannot use parol evidence to either add duties to the Note or to create non-contractual duties.  For example, Plaintiffs claim that they were offered a guaranteed annual return of 10% on any principal invested.  Amended Complaint ¶ 6.  But the Note itself specifies unambiguously that the interest rate is .1% per annum.  *See* Promissory Note, attached at Exhibit A to the Amended Complaint.  Because the Note is unambiguous with respect to the interest rate, any parol evidence regarding interest rates cannot be considered.  And contrary to the allegations of ¶ 7 of the Amended Complaint, the Note makes no promises about or references to the funds being segregated or protected in a tax-free account, safe from creditors.  Had the Plaintiffs wanted those provisions in the Note, they were certainly free to negotiate such terms.  They did not.  All such parol evidence, therefore, should be excluded.

### 3.      Plaintiffs failed to plead fraud with the required level of particularity.

Plaintiffs' Fraud Count (Count I) consists of four sparse paragraphs. *See* Amended Complaint ¶¶ 36-39. None of these four paragraphs contain the specificity required by Rule 9(b) when fraud is pled. There simply is no "time, place and contents of the false misrepresentation and what he obtained thereby." While Plaintiffs' broadly incorporate by reference paragraphs 1-35 of the Amended Complaint, they make no connections as to what allegations contained in the preliminary sections apply to the fraud count. Defendants are left merely to speculate as to what Plaintiffs' fraud count includes.

In reviewing paragraphs 1-35 of the Amended Complaint, the only paragraphs that appear as if they are remotely applicable to the fraud count are ¶¶ 5-7 and 24-29. In ¶ 5 of the Amended Complaint, at best, the alleged representations made would be considered "puffing." Further, none of these statements are relevant to the Note. Most of the statements involve only Defendant Smith, who was not a party to the Note. And ¶¶ 6-7 refer to statements that are parol evidence and were never incorporated into the Note. Those statements certainly cannot form a basis for a fraud claim.

With respect to ¶¶ 24-26 of the Amended Complaint, these statements merely refer to updates given Plaintiffs after they executed the Note. And contrary to the allegations in these paragraphs, the Note did not mature until May 27, 2009. Thus, Plaintiffs had no legal basis to request the money be returned during 2008, so they could not have detrimentally relied upon the statements in these paragraphs.

Plaintiffs also could not have detrimentally relied on the alleged statements or conduct in ¶¶ 27-29 of the Amended Complaint. Essentially, the representations made there, that the Plaintiffs' money had been lost in the stock market (i.e., it was gone), should only have

prompted action on their part and not delayed it.  These statements certainly do no inform the

Defendants of what Plaintiffs' fraud claim encompasses with the requisite level of particularity.

Likewise, Plaintiffs' allegations here do not satisfy the plausibility standard required by

*Twombly* and *Iqbal*.  Plaintiffs'' fraud claim is simply not plausible.  Due to the shortcomings in

Plaintiffs' fraud claim, Defendants respectfully ask the Court to dismiss Count I.

4. **Plaintiffs cannot hold Smith personally liable as he is protected by SCG's corporate veil.**

Defendant Smith is not a party to the Note.  *See* Exhibit A to the Amended Complaint.  It

is clear form the signature page that Smith signed the Note solely in his capacity as CEO of

SCG.  Smith is thus protected by SCG's corporate veil.  Smith has no other relationship with the

Plaintiffs.  He did not personally guarantee the Note.  And Plaintiffs have not moved to pierce

SCG's corporate veil.  Because Smith is not in privity with the Plaintiffs, there is no basis for

him being a defendant to this lawsuit.  As such, Defendants respectfully ask the Court to dismiss

Defendant Smith as a party to this lawsuit.

## V.      Conclusion

For the reasons stated herein, Defendants James F. Smith, Jr. and SCG International,

LLC respectfully ask this Court to dismiss this matter with prejudice.

Dated:   February 7, 2011

Respectfully submitted,

**SCG INTERNATIONAL, LLC**
**JAMES F. SMITH, JR.**

    /s/ Brent L. VanNorman
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia  23510
Telephone:  (757) 640-5343
Facsimile:  (757) 625-7720
bvannorman@hunton.com
***Counsel for SCG International, LLC &***
***James F. Smith, Jr.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

J. Chapman Petersen (VSB #37225)
Jason Zellman (VSB #77499)
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia  22030
Telephone:  (703) 251-5400
Facsimile: (703) 591-9285
jpetersen@smillaw.com
jzellman@smillaw.com

*Counsel for Plaintiffs*


_____/s/ Brent L. VanNorman_____
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia  23510
Telephone:  (757) 640-5343
Facsimile:  (757) 625-7720
bvannorman@hunton.com

*Counsel for Defendants*
*SCG International, LLC and*
*James F. Smith, Jr.*

16