IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Alexandria Division</u>

| | |
|---|---|
| **CRAIG SANFORD,** <br> **MARY JO SANFORD,** <br><br> Plaintiffs, <br><br> v. <br><br> **SCG INTERNATIONAL, LLC,** <br><br> and <br><br> **JAMES F. SMITH, JR.,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 1:10cv940 GBL/IDD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE*
TO PROHIBIT TESTIMONY OR ATTORNEY ARGUMENT
REGARDING WHETHER A JUDGMENT OF FRAUD
<u>CAN BE DISCHARGED THROUGH BANKRUPTCY</u>**

The Plaintiffs have but one hope of any substantial recovery in this case ─ to prevail in their Fraud Claim against Defendant James F. Smith, Jr. As the vast majority of funds were lost in the stock market and other investments, little is left from the $12.5 million loaned to Defendant SCG International, LLC under the November 14, 2007 Promissory Note. But a judgment for fraud against Defendant Smith is not dischargeable in bankruptcy. *See, e.g., In re Sharp*, 340 Fed. Appx. 899, No. 08-1646, 2009 WL 2480841, at *1 n.2 (4th Cir. Aug. 14, 2009); *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). And therein lies Plaintiffs' sole purpose in taking this matter to trial.

Defendants are confident that Plaintiffs will fall far short of proving the elements of fraud at trial by clear and convincing evidence. Defendants are concerned, however, that Plaintiffs may essentially attempt a jury nullification tactic by arguing to the jury that the only hope for

Plaintiffs to recover any substantial funds is by the jury rendering a fraud verdict against Defendant Smith (and the Court entering judgment on that verdict). But that basis for a verdict is improper. Instead, should the jury award a verdict of fraud against Defendant Smith, it should only do so if Plaintiffs prove each and every element of fraud by clear and convincing evidence (and Plaintiffs are successful in piercing SCG's corporate veil).

Defendants SCG International, LLC and James F. Smith, Jr. respectfully move this Court *in limine* to prevent any witness or attorney to discuss whether a judgment related to the remaining fraud claim could be discharged in bankruptcy.

Dated:   July 27, 2011                                  Respectfully submitted,

**SCG INTERNATIONAL, LLC**
**JAMES F. SMITH, JR.**

   /s/ Brent L. VanNorman
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia  23510
Telephone:  (757) 640-5343
Facsimile:  (757) 625-7720
bvannorman@hunton.com

*Counsel for SCG International, LLC & James F. Smith, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record:

J. Chapman Petersen (VSB #37225)
Jason Zellman (VSB #77499)
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia 22030
Telephone: (703) 251-5400
Facsimile: (703) 591-9285
jpetersen@smillaw.com
jzellman@smillaw.com

*Counsel for Plaintiffs*


    /s/ Brent L. VanNorman
Brent L. VanNorman (VSB #45956)
**HUNTON & WILLIAMS LLP**
500 East Main Street, Suite 1000
Norfolk, Virginia 23510
Telephone: (757) 640-5343
Facsimile: (757) 625-7720
bvannorman@hunton.com

*Counsel for Defendants
SCG International, LLC and
James F. Smith, Jr.*