IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CRAIG SANFORD, et al. ) | |
| ) | |
| Plaintiffs. ) | |
| ) | Civil Action No. 1:10-cv-00940-GBL- |
| IDD | |
| v. ) | |
| ) | |
| SCG INTERNATIONAL, LLC, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The Plaintiffs CRAIG and MARY JO SANFORD, ("The Sanfords") submit the

following as their proposed jury instructions.

## PLAINTIFF'S JURY INSTRUCTION # 1

### Instruction:  Credibility of Witnesses

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly. [1]

---

[1] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-2 Virginia Model Jury Instructions - Civil 2-2.

## PLAINTIFF'S JURY INSTRUCTION # 2

### Instruction:  Circumstantial Evidence

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence. [2]

---

[2] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-2 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 2-8.

## PLAINTIFF'S JURY INSTRUCTION # 3

### Instruction:  Prior Inconsistent Statement by Witness

If you believe from the evidence that a witness previously made a statement inconsistent with his testimony at this trial, the only purpose for which the statement may be considered by you is its bearing on the witness's credibility. It is not evidence that what the witness previously said is true. 3

---

3 This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-2 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 2-9.

## PLAINTIFF'S JURY INSTRUCTION # 4

**Instruction:  Prior Inconsistent Statement by Party**

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true. [4]

---

[4] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-2 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 2-10.

## PLAINTIFF'S JURY INSTRUCTION # 5

### Instruction:  Rejected and Stricken Evidence

You must not consider any matter that was rejected or stricken by the Court. It is
not evidence and should be disregarded. 5

---

5 This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions –
Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically
1-2 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 2-12.

## PLAINTIFF'S JURY INSTRUCTION # 6

### Instruction:  Standard of Proof:
### Definition of Greater Weight of the Evidence

The greater weight of all the evidence is sometimes called the preponderance of the evidence. It is that evidence which you find more persuasive. The testimony of one witness whom you believe can be the greater weight of the evidence. 6

---

[6] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-3 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 3-5.

## PLAINTIFF'S JURY INSTRUCTION # 7

**Instruction:  Standard of Proof: Definition of Clear and Convincing Evidence**

When a party has the burden of proving an issue by clear and convincing

evidence, he must produce evidence that creates in your minds a firm belief or conviction

that he has proved the issue. 7

---

7 This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions –
Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically
1-3 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 3-6.

## PLAINTIFF'S JURY INSTRUCTION # 8

**Instruction:   Burden of Proof: Clear and Convincing**

The burden is on the party charging fraud to prove it by clear and convincing evidence. [8]

---

[8] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-7.

## PLAINTIFF'S JURY INSTRUCTION # 9

### Instruction:  Unexplained Failure to Produce Important Witness

If you believe that a party, without explanation, failed to call an available witness who

has knowledge of necessary and material facts, you may presume that witness's testimony

would have been unfavorable to the party who failed to call the witness.[9]

---

[9] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions –
Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically
1-2 Virginia Model Jury Instructions - Civil 2-8.

## PLAINTIFF'S JURY INSTRUCTION # 10

**Instruction:   Definition of Actual Fraud: Intentional Misrepresentation**

Actual fraud is a misrepresentation of a material fact, knowingly and intentionally made, with the intent to mislead another person, which that person relied upon with the result that he was damaged by it. [10]

---

[10] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No. § 39.

## PLAINTIFF'S JURY INSTRUCTION # 11

### Instruction:  Definition of Misrepresentation

A misrepresentation is any words or conduct which produce a false or misleading impression of fact in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.  A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative representation. [11]

---

[11] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-3.

## PLAINTIFF'S JURY INSTRUCTION # 12

### Instruction:  Definition of Material Fact

A material fact is one which influences a person to act or not to act. [12]

---

[12] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions –
Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically
2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-4.

## PLAINTIFF'S JURY INSTRUCTION # 13

### Instruction:  Definition of Reliance

Reliance is a belief that a representation is true which causes a person to take action he would not otherwise have taken [not to take action he otherwise would have taken]. [13]

---

[13] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-5.

**PLAINTIFF'S JURY INSTRUCTION # 14**

**Instruction:  Evidence for Proof**

In deciding whether fraud exists, you may take into consideration the relative knowledge of the parties, their respective motives and intentions, the closeness of their relationship, the actions of the parties, the nature and character of the transaction including the adequacy of the price, and all of the other surrounding facts and circumstances. [14]

---

[14] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-8.

## PLAINTIFF'S JURY INSTRUCTION # 15

### Finding Instruction:  Actual Fraud

You shall return your verdict for Mr. and Mrs. Sanford if they proved by clear and convincing evidence:

(1) That SCG International and/or Mr. Smith misrepresented a material fact; and

(2) That it was made intentionally and knowingly; and

(3) That it was made with the intent that the Sanfords rely upon it; and

(4) That the Sanfords relied upon it; and

(5) That the Sanfords were damaged as a result.

You shall find your verdict for SCG International and/or Mr. Smith if the Sanfords failed to prove any one or more of the elements above. [15]

---

[15] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 39-9.

## PLAINTIFF'S JURY INSTRUCTION # 16

### Instruction: Compensatory Damages

If you find your verdict in favor of the Sanfords, then in determining the damages to which they are entitled you may consider all financial loss which you believe by the greater weight of the evidence was caused by SCG International, L.L.C. and/or Mr. Smith.

Your verdict shall be for such sum as will fairly and fully compensate the Sanfords for the damages sustained as a result of SCG International, L.L.C., and/or Mr. Smith.[16]

---

[16] Adapted from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 2-39 Virginia Model Jury Instructions - Civil Jury Instr. No. § 36.090.

## PLAINTIFF'S JURY INSTRUCTION # 17

### Instruction: Punitive Damages

If you find that the Sanfords are entitled to be compensated for their damages, and if you further believe by the greater weight of the evidence that SCG International and Jamie Smith acted with actual malice toward the Sanfords or acted under circumstances amounting to a willful and wanton disregard of the Sanfords' rights, then you may also award punitive damages to the Sanfords to punish SCG International and Mr. Smith for their actions and to serve as an example to prevent others from acting in a similar way.

If you award punitive damages, you must state separately in your verdict the amount you allow as compensatory damages and the amount you allow as punitive damages.[17]

---

[17] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-9 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 9.080.

## PLAINTIFF'S JURY INSTRUCTION # 18

### Instruction: Definition of Common Law Actual Malice

"Actual malice" is a sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the Sanfords.[18]

---

[18] This jury instruction was taken in whole, or in part, from the Virginia Model Jury Instructions – Civil, by Matthew Bender & Company, Inc. a member of the LexisNexis Group.  More specifically 1-9 Virginia Model Jury Instructions - Civil Jury Instr. No.§ 9.090.

## PLAINTIFF'S JURY INSTRUCTION # 19

### Definition: Doctrine of Piercing the Corporate Veil

The Sanfords have filed this lawsuit against SCG International, L.L.C. (a limited liability company), and Mr. Smith (personally).  Members, managers, officers, beneficial owners, and trustees of a business entity are usually not personally liable for the debts of the business entity, however, under the doctrine of "piercing the corporate veil," the form of a business entity is disregarded and liability is imposed on the business entities' members, managers, officers, beneficial owners, and trustees.[19]

---

[19] *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 266 Va. 3, 10, 580 S.E.2d 806, 809-10 (2003).

## PLAINTIFF'S JURY INSTRUCTION # 20

### Definition: Doctrine of Reverse Veil Piercing

The Sanfords have filed this lawsuit against SCG International, L.L.C., and Mr. Smith (personally). A business entity is usually not held liable for the debts of its members, managers, officers, beneficial owners, trustees or other related business entities; however, under the doctrine of "reverse veil piercing" a business entity may be held liable for the debts of its members, managers, officers, beneficial owners, trustees or other related business entities. [20]

---

[20] *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 266 Va. 3, 10, 580 S.E.2d 806, 809-10 (2003).

## PLAINTIFF'S JURY INSTRUCTION # 21

### Instruction: Issues and Burdens of Proof for Piercing the Corporate Veil

The issues in determining whether to "pierce the corporate veil" and/or "reverse veil piercing" are:

1.      Were SCG International, L.L.C. and Mr. Smith alter egos of each other?

2.      Was SCG International, L.L.C. used by Mr. Smith as a device or sham to disguise wrongs, obscure fraud, or conceal crime?

The Sanfords have the burden of proof on each of these elements.[21]

In determining whether SCG International, L.L.C. and Mr. Smith were alter egos of each other, you may consider the following factors:

1.   Did Mr. Smith treat the business entities' assets as his own?

2.   Did Mr. Smith dominate and control the business entities' assets?

3.   Did Mr. Smith comingle the business entities' assets?

4.   Did Mr. Smith pay his private debts with the business entities' assets?

5.   Did the business entities fail to keep separate books, hold meetings, issue stock and other corporate formalities?

6.   Do Mr. Smith and SCG International, L.L.C. have a unity of interest and ownership such that the separate personalities of Mr. Smith and SCG International, L.L.C. no longer existed?

7.   Were the other members, managers, officers, beneficial owners, and trustees of the business entities non-functioning?[22]

---

[21] *Cheatle v. Rudd's Swimming Pool Supply Corp*, 234 Va. 207, 360 S.E.2d 828 (1987)
[22] *Cheatle v. Rudd's Swimming Pool Supply Corp*, 234 Va. 207, 360 S.E.2d 828 (1987)

## PLAINTIFF'S JURY INSTRUCTION # 22

### Finding Instruction: Piercing the Corporate Veil

You shall enter judgment against SCG International, L.L.C., and Mr. Smith if the Sanfords have proved by clear and convincing evidence:[23]

1. That the business entities and Mr. Smith were alter egos of each other, and

2. That the business entities were used by Mr. Smith as a device or sham to disguise wrongs, obscure fraud, or conceal crime.[24]

You shall not return a judgment for the Sanfords if they have failed to prove either of these elements by clear and convincing evidence.

---

[23] *C.F. Trust, Inc. v. First Flight Ltd. P'ship*, 266 Va. 3, 13 580 S.E.2d 806, 811 (2003).
[24] *Cheatle v. Rudd's Swimming Pool Supply Corp*, 234 Va. 207, 360 S.E.2d 828 (1987).

## PLAINTIFF'S JURY INSTRUCTION # 23

### Definition: Constructive Trust

Constructive trusts are a remedy created by the court to prevent injustice. They are called "constructive" trusts because they are imposed by construction of law to prevent a fraud or unjust enrichment.[25]

---

[25] *Nedrich v. Jones*, 245 Va. 465, 429 S.E.2d 201 (1993);  *Galloway Corp. v. Wise*, 244 Va. 344, 421 S.E.2d 431 (1992).

**PLAINTIFF'S JURY INSTRUCTION # 24**

**Instruction: Constructive Trust**

If you find that the legal title to real or personal property has been obtained

through fraud, misrepresentation, concealment, undue influence, duress, or under other

circumstances which render it unconscionable for the holder of the legal title to retain and

enjoy the beneficial interest, you may place a constructive trust on the property thus

acquired in favor of the one who is truly and equitably entitled to the property.[26]

---

[26] *Virginia Pocahontas Coal Co. v. Lambert*, 107 Va. 368, 58 S.E. 561 (1907).

## PLAINTIFF'S JURY INSTRUCTION # 25

### Instruction: Constructive Trust

Even if you find that the real or personal property was not acquired by fraudulent or improper means and fairly and properly acquired, if it would be inequitable for the acquirer to keep it, you may impose a constructive trust on the property in favor of the one who is truly and equitably entitled to the it.[27]

---

[27] *Richardson v. Richardson*, 242 Va. 242, 409 S.E.2d 148 (1992), citing *Leonard v. Counts*, 221 Va. 582, 272 S.E.2d 190 (1980).

CRAIG SANFORD
MARY JO SANFORD

_____
J. Chapman Petersen, Esq., VSB #37225
Jason F. Zellman, Esq., VSB # 77499
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
Telephone 703.251.5400
Facsimile 703.591.9285
jpetersen@siplfirm.com
jzellman@siplfirm.com

<u>Certificate of Service</u>

I hereby certify that on this 1st day of August, 2011 I hand filed a hard copy of the foregoing with the Clerk of the Court. Additionally, I transmitted the foregoing by facsimile to the following individuals:

Brent L. VanNorman, Esq.
Hunton & Williams LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510
bvannorman@hunton.com
Counsel for Mr. Smith and SCG International, LLC

_____
J. Chapman Petersen, Esq., VSB #37225
Jason Zellman, Esq., VSB #77499
Counsel for the Sanfords
Surovell Isaacs Petersen & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, VA 22030
Telephone: 703-251-5400
Facsimile: 703-591-9285
jpetersen@siplfirm.com
jzellman@siplfirm.com